# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

THOMAS L. MEROS,

    **Plaintiff,**

                              Civil Action 2:18-cv-00510
                              Judge Algenon L. Marbley
    v.                            Magistrate Judge Elizabeth P. Deavers

CHRISTA A. DIMON, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants Judge James J. Sweeney, Judge Ralph McAllister, Nasser Youssef, Monica Redman, Martin Midian, Daniel Ranke, Dean Rooney, and Michael Brooks Rorapaugh's Motion to Stay Discovery (hereinafter "Moving Defendants"). (ECF No. 12.) The non-moving Defendants do not oppose the motion. (*See* ECF No. 12.) Plaintiff did not file a Response. For the following reasons, the Moving Defendants' Motion to Stay Discovery is **GRANTED**.

## I.

Plaintiff filed a state court civil action in the Court of Common Pleas of Franklin County, Ohio, as case number 18-cv-3389. The action was removed to this Court on May 23, 2018, under 28 U.S.C. § 1442(a)(1). (ECF No. 1.) Plaintiff alleges a RICO conspiracy violative of the Ohio Corrupt Practices Act, O.R.C. § 2923.32, as well as numerous federal criminal statutes, sections of the Ohio Revised Code, and the First Amendment of the United States Constitution. (*See* ECF No. 2.)

Plaintiff immediately began serving discovery in this case.[1]  (*See* ECF No. 124 p. 4.)  The Court has not yet convened a Rule 16 preliminary pretrial conference and the parties have not yet had a Rule 26(f) meeting.  (*Id.*)  The Judges have filed a Motion to Dismiss.  (ECF No. 12.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."  *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced.  *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order."  *Ohio Envtl. Council*, 565 F.2d at 396.

---

[1] To the extent Plaintiff served any discovery on Defendants in state court, that discovery is no longer effective following the removal, and Defendants need not respond to it.  The Federal Rules of Civil Procedure govern discovery after removal, and Plaintiff cannot seek discovery until after a Rule 26(f) conference.  *See Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010) ("The fact that [discovery] may have been properly served under the rules of the state court is irrelevant once the case was removed.") (citing *Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D. Tex. 2005)).

In exercising its discretion, the Court has found that filing a case-dispositive motion is sometimes insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants.' motion to stay discovery despite their pending summary judgment motion). However, if a "motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay" or "it is patent that the case lacks merit and will almost certainly be dismissed" then it is proper to grant a stay of discovery. *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

### III.

The Court concludes that the stay of discovery until the Rule 26(f) conference is proper. Procedurally, this case remains in its infancy, as the Court has yet to convene a Preliminary Pretrial Conference. Thus, no case schedule has been established. On June 20, 2018, the Court issued an Order regarding the Plaintiff's Request for Discovery (ECF No. 18) which provides as follows:

> . . . Federal Rule of Civil Procedure 26(d)(1) provides that the parties may not commence discovery until they have conferred as required under Rule 26(f). Fed. R. Civ. P. 26(d)(1). When appropriate, this Court will notice this action for a preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16(b), which ordinarily prompts the parties to schedule their Rule 26(f) conference. Here, the Court has not yet noticed this action for a pretrial conference, and there is no evidence that the parties have held a conference pursuant to Rule 26(f) to develop a discovery plan. Thus, at this juncture, discovery is premature.

(ECF No. 20.) The same applies to the motion at hand.

The Court concludes that a stay is proper during the pendency of Defendants' Judge Sweeney and Judge McAllister's Motion to Dismiss. The pending Motion to Dismiss presents

threshold legal questions regarding absolute judicial immunity and statute of limitations. Under these circumstances, a stay is appropriate. *C.f. Baker v. Swift Pork Co.*, No 3:15-CV-663, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (denying a stay of discovery because the pending motion for judgment on the pleadings did "not present a clear, discrete issue such as immunity from suit or the running of statute of limitations that can be easily decided"). These threshold legal questions "would be substantially vitiated absent a stay." *See Williams*, 2010 WL 3522397, at *2. Adjudication of the Motion to Dismiss before the parties engage in discovery could, therefore, preserve both judicial and party resources.

**IV.**

For the foregoing reasons, the Court finds that Moving Defendants have carried their burden to show that a stay of all discovery until after the Rule 26(f) conference has been conducted is appropriate under the circumstances presented in this case. Furthermore, Defendants Judge Sweeney and Judge McAllister have carried their burden to show that a stay of discovery as to them individually until this Court rules on their pending Motion to Dismiss (ECF No. 9) is appropriate. Therefore, the Moving Defendants Motion to Stay Discovery is **GRANTED**. (ECF No. 12.)

**IT IS SO ORDERED.**

Date: September 24, 2018         /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE